CINCINNATI BAR ASSOCIATION *v.* FRIEDMAN.

[Cite as *Cincinnati Bar Assn. v. Friedman*
(1992), 62 Ohio St.3d 354.]

(No. 91–1772—Submitted November 12, 1991—Decided January 8, 1992.)

*Don R. Gardner, Rebecca K. Kaye, Frederick O. Kiel* and *Edwin W. Patterson III,* for relator.

*James N. Perry,* for respondent.

---

ALICE ROBIE RESNICK, J.   After a thorough review of the record, we find that respondent has violated the Disciplinary Rules set forth above.   Although respondent improperly commingled funds, exercised poor judgment, and was careless in his dealings with clients, he made full disclosure immediately when each matter was called to his attention by the bankruptcy court.   All assets were ultimately discovered and full restitution was made to all parties;   no individuals have been permanently harmed by respondent's behavior.   Respondent has taken advantage of continuing legal education to improve his knowledge of bankruptcy law.   Even though a series of violations have occurred, we do not discern a pattern of intentional misconduct.   Accordingly,

we suspend respondent from the practice of law for a period of one year. Costs taxed to respondent.

*Judgment accordingly.*

SWEENEY, DOUGLAS and H. BROWN, JJ., concur.

MOYER, C.J., HOLMES and WRIGHT, JJ., dissent.

WRIGHT, J., dissenting. I respectfully dissent. Like the board, I note "a *sustained* pattern of abuse, fraud, and deception of the courts." (Emphasis added.) Accordingly, I would suspend respondent indefinitely.

MOYER, C.J., and HOLMES, J., concur in the foregoing dissenting opinion.